THOMAS E. PEREZ  
Assistant Attorney General  
Civil Rights Division  
STEVEN H. ROSENBAUM  
Chief, Housing and Civil Enforcement Section  
JON M. SEWARD  
Deputy Chief, Housing and Civil Enforcement Section  
HARVEY L. HANDLEY (VA Bar #42105)  
Attorney, Housing and Civil Enforcement Section  
United States Department of Justice  
950 Pennsylvania Avenue, N.W.  
Northwestern Building, 7th Floor  
Washington, D.C. 20530  
Phone: (202) 514-4756  
Fax: (202) 514-1116  
Email: harvey.l.handley@usdoj.gov  

*Attorneys for Plaintiff United States of America*

**\*\*E-Filed 3/4/2010\*\***

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff; and ) <br> ) <br> KIMBERLIE LEBLANC and PROJECT ) <br> SENTINEL, ) <br> ) <br> Plaintiff-intervenors, ) <br> ) <br> v. ) <br> ) <br> WORKMAN LIVING TRUST, TERRY ) <br> STULTZ, and TONI STULTZ, ) <br> ) <br> Defendants. ) <br> _____ ) | C.A. No. 09cv1856 |

**CONSENT ORDER**         1

# CONSENT ORDER

## PARTIES

Plaintiff, United States of America, initiated this Action on behalf of Kimberlie LeBlanc and Project Sentinel ("Plaintiff-Intervenors"), pursuant to Section 812(o) of the Fair Housing Act, 42 U.S.C. § 3612(o) by filing a Complaint with this Court on or about April 29, 2009 ("Complaint"). Plaintiff-Intervenors were granted leave to intervene in this Action on October 5, 2009, and their Complaint in Intervention was filed as of that date ("Complaint in Intervention").

Defendant Workman Living Trust owns and manages rental residential property, including an apartment complex located at 760-780 Northrup Street in San Jose, California ("the Northrup Street Complex"). Defendant Toni Stultz is employed by the Workman Living Trust as the on-site manager at the Northrup Street Complex. Defendant Terry Stultz resides at the Northrup Street Complex with his wife, Defendant Toni Stultz.

Collectively, the United States of America, Kimberlie LeBlanc, Project Sentinel and each of the Defendants are referred to herein as "the Parties."

## ALLEGATIONS

The United States' Complaint, based upon an investigation by the Department of Housing and Urban Development (HUD), alleges that on or about May 8, 2006, Kimberlie LeBlanc visited the Northrup Street Complex, and was allegedly told by Defendant Toni Stultz that the apartments were not set up for children, and the owners had a policy of not renting to children, although Ms. Stultz showed Ms. LeBlanc an apartment and provided her with an application for rent. Ms. LeBlanc reported the incident to Project Sentinel, a non-profit corporation organized under the laws of the State of California, which promotes fair housing practices for housing

providers and consumers. Project Sentinel claims to have sent two testers to the Northrup Street Complex, one of whom allegedly represented herself as a woman living with another adult, while the other allegedly represented herself as a woman with a child. Defendant Terry Stultz is alleged to have told the tester who stated that she had a child that apartments at the Northrup Street Complex "were not set up for children," or words to that effect.

Each of the Defendants deny making any discriminatory statements alleged in the Complaint, the Complaint in Intervention or otherwise and adamantly assert they do not discriminate in housing on the basis of any protected classification. Further, Defendants contend they have rented to families with children both at the Northrup Street Complex as well as at other properties owned by the Trust and that both the Complaint and the Complaint in Intervention are without merit.

Ms. LeBlanc and Project Sentinel filed a complaint of discrimination with HUD on September 18, 2006. Following an investigation, on October 16, 2008, the Secretary issued a Charge of Discrimination pursuant to 42 U.S.C. § 3610(g)(2)(A), charging Defendants with engaging in discriminatory housing practices in violation of the Act. On October 29, 2008, Defendants elected to have the Charge resolved in a civil action in federal district court, pursuant to 42 U.S.C. § 3612(a). The filing of this action followed on April 29, 2009, pursuant to 42 U.S.C. § 3612(o). The United States' Complaint alleges that the Defendants made statements with respect to the rental of a dwelling that indicate a preference, limitation, or discrimination, or an intent to make such a preference, limitation or discrimination, based on familial status, in violation of 42 U.S.C. § 3604(c).

In an effort to avoid costly litigation, the Parties have voluntarily agreed to resolve all

claims which have been or could have been alleged in the Complaint and/or in the Plaintiff-Intervenor's Complaint in Intervention without the necessity of a trial and without the admission of any liability by any of the Defendants. Therefore, the Parties have agreed to the entry of this Consent Order and the exchange of other consideration referenced herein, as indicated by the signatures below.

## JURISDICTION OF CONSENT ORDER

1. The Parties have consented to the entry of this Order. To this end, the Parties stipulate and the Court finds that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1345 and 42 U.S.C. §§ 3612(o).

## GENERAL INJUNCTION

2. The Defendants, their officers, agents, employees, successors and all persons in active concert or participation with them are enjoined, with respect to the rental of dwelling units at the apartment complexes located at the Northrup Street Complex, from making, printing, or publishing, or causing to be made, printed, or published any notice, statement, or advertisement, with respect to the rental of a dwelling that indicates any preference, limitation, or discrimination based on familial status, or an intention to make any such preference, limitation, or discrimination.

## NOTICE OF DEFENDANTS' NON-DISCRIMINATION POLICY

3. Within ten (10) days of the date of entry of this Consent Order, Defendants shall post and prominently display in a suitable public area of the Northrup Street Complex, a sign no smaller than 10 by 14 inches indicating that Defendants comply with the nondiscrimination provisions of the Fair Housing Act. A poster that comports with 24 C.F.R. Part 110 will satisfy

this requirement.

4. For the duration of this Consent Order, in all future advertising in newspapers, and on pamphlets, brochures and other promotional literature, and electronic media regarding the Northrup Street Complex, they shall place, in a conspicuous location, the statement "Equal Housing Opportunity" or the Fair Housing Logo.

## MANDATORY EDUCATION AND TRAINING

5. Within 30 days of the entry of this Decree, each employee who is involved in showing or renting apartments at the Northrup Street Complex (presently, only Defendant Toni Stultz) as well as her husband, Defendant Terry Stultz, shall sign a statement acknowledging that he or she has received and read the Order, and had an opportunity to have questions about the Order answered. This statement shall be substantially in the form of Appendix A.

6. Within ninety (90) days of the date of entry of this Consent Order, Defendants Toni Stultz and Terry Stultz shall undergo training on the Fair Housing Act, with particular emphasis on the provisions prohibiting discrimination on the basis of familial status. Defendants represent and warrant that Defendant Toni Stultz is the only employee currently involved in showing or renting apartments at the Northrup Street Complex. The training shall be conducted by the California Apartment Association, Tri-County Division, and any expenses associated with this training shall be borne by Defendants. The United States has satisfied itself that the CAA-Tri-County Division is an appropriate training provider.

7. Each person who undergoes training in accordance with the preceding paragraph shall execute a certificate of attendance in the form set out in Appendix B. Within ten (10) days of the date on which such person undergoes training, Defendant Workman Living Trust shall

this requirement.

4. For the duration of this Consent Order, in all future advertising in newspapers, and on pamphlets, brochures and other promotional literature, and electronic media regarding the Northrup Street Complex, they shall place, in a conspicuous location, the statement "Equal Housing Opportunity" or the Fair Housing Logo.

## MANDATORY EDUCATION AND TRAINING

5. Within 30 days of the entry of this Decree, each employee who is involved in showing or renting apartments at the Northrup Street Complex (presently, only Defendant Toni Stultz) as well as her husband, Defendant Terry Stultz, shall sign a statement acknowledging that he or she has received and read the Order, and had an opportunity to have questions about the Order answered. This statement shall be substantially in the form of Appendix A.

6. Within ninety (90) days of the date of entry of this Consent Order, Defendants Toni Stultz and Terry Stultz shall undergo training on the Fair Housing Act, with particular emphasis on the provisions prohibiting discrimination on the basis of familial status. Defendants represent and warrant that Defendant Toni Stultz is the only employee currently involved in showing or renting apartments at the Northrup Street Complex. The training shall be conducted by the California Apartment Association, Tri-County Division, and any expenses associated with this training shall be borne by Defendants. The United States has satisfied itself that the CAA-Tri-County Division is an appropriate training provider.

7. Each person who undergoes training in accordance with the preceding paragraph shall execute a certificate of attendance in the form set out in Appendix B. Within ten (10) days of the date on which such person undergoes training, Defendant Workman Living Trust shall

send a copy of that certificate to counsel for Plaintiff.

## PAYMENT OF MONETARY DAMAGES TO PLAINTIFF-INTERVENORS

8. Defendants and the Plaintff-Intervenors in this matter have reached an agreement pursuant to which Defendants will make a monetary payment of $8,250 to the Plaintiff-Intervenors in the form of a check made payable jointly to Kimberlie LeBlanc and Project Sentinel. Payment shall be sent to counsel for the Plaintiff-Intervenors who shall hold such payment in trust until such time as the Plaintiff-Intervenors each have executed a Release of all claims, legal or equitable, that Plaintiff-Intervenors might have against any of the Defendants relating to the claims asserted in this Complaint and/or the Complaint in Intervention. (Appendix C). Plaintiff-Intervenors represent that they have a separate agreement dividing the proceeds of the settlement among them and that this separate agreement provides that each of them will receive from these proceeds a monetary amount which amount each Plaintiff-Intervenor independently and voluntarily agrees constitutes, individually and collectively, full and fair consideration for the dismissal of all claims against all Defendants, the release to be executed by Plaintiff-Intervenors pursuant to this Agreement, and the other obligations to which they have agreed herein.

## PROCESSING RENTAL APPLICATIONS, RECORD KEEPING AND REPORTING

9. Defendant Workman Living Trust shall maintain, with respect to dwellings rented by them, their agents or employees, objective, uniform, non-discriminatory standards and procedures for the processing of applications. Such standards and procedures have been submitted to the United States, which has satisfied itself that the standards and procedures are not discriminatory under the Fair Housing Act.

10. Within four (4) months of the date of entry of this Consent Order, Defendants shall furnish to counsel for the United States documentation that Defendants have complied with the obligations of paragraphs 3-9. Six (6) months after the entry of this Decree, and every six months thereafter for the period in which the Order is in effect, Defendants shall deliver to counsel for the United States, a report stating whether (1) any new employees have been hired to show or rent apartments at the Norhtrup Street Complex; and (2) the rental procedures and standards have changed. If neither of these events have occurred, the statement "Negative Report" shall suffice.

11. During the term of this Order, Defendant Workman Living Trust shall advise counsel for the United States in writing within fifteen (15) days of receipt of any written complaint against the Defendant Workman Living Trust regarding discrimination on the basis of familial status, and a description of the resolution of such complaint. Defendant Workman Living Trust shall provide a copy of it with the notice. The notice shall include the full details of the complaint, including the complainant's name, address, and telephone number, if such information is available to Defendant Workman Living Trust. The Defendant Workman Living Trust shall promptly provide the United States all information it may request concerning any

such complaint.  Within fifteen (15) days of the resolution of any such complaints, Defendants shall advise counsel for the United States of such resolution.

**DURATION OF CONSENT ORDER AND TERMINATION OF LEGAL ACTION**

12. This Consent Order shall remain in effect for two (2) years after the date of its entry.  By consenting to entry of this Order, the United States and Defendants agree that in the event that Defendants are found by a court of law to have engaged in any future violation(s) of the Fair Housing Act, such violation(s) shall constitute a subsequent violation pursuant to 42 U.S.C. § 3614(d)(1)(C)(ii).

13. The Court shall retain jurisdiction for the duration of this Consent Decree to enforce the terms of the Decree, after which time the case shall be dismissed with prejudice.  Plaintiff may move the Court to extend the duration of the Decree in the interests of justice.  In the meantime, once this agreement has been approved by the Court, the Court at its discretion may place this matter on its Deferred List.

14. The Parties to this Consent Order shall endeavor in good faith to resolve informally any differences regarding interpretation of and compliance with this Order prior to bringing such matters to the Court for resolution.  However, in the event of a failure by the Parties to perform, in a timely manner, any act required by this Order or otherwise to fail to act in conformance with any provision thereof, any Party may move this Court to impose any remedy authorized by law or equity, including, but not limited to, an order requiring performance of such act or deeming such act to have been performed, and an award of any damages, costs, and reasonable attorney's fees which may have been occasioned by the violation or failure to perform.

15. The Parties agree that full implementation of this Order will provide a fair and

reasonable resolution of the allegations of the United States and the Plaintiff-Intervenors and that neither the United States nor the Plaintiff-Intervenors shall take any additional action against any of the Defendants for any of the claims that were raised or could have been raised in the Complaint or in the Complaint in Intervention so long as Defendants comply with this Order.

## TIME FOR PERFORMANCE

16. Any time limits for performance imposed by this Consent Order may be extended by mutual written agreement of the parties.

## COST OF LITIGATION

17. Each party to this litigation will bear its own costs and attorney fees associated with this litigation.

ORDERED this 3rd day of February, 2010. ~~2009.~~

_____
UNITED STATES DISTRICT COURT

Agreed to by the parties as indicated by the signatures of counsel below.

**FOR THE PLAINTIFFS:**

DATED: December 30, 2009

THOMAS E. PEREZ
Assistant Attorney General
Civil Rights Division

STEVEN H. ROSENBAUM
Chief, Housing and Civil Enforcement Section

  s/ Harvey L. Handley, Signatory
JON M. SEWARD, Deputy Chief
HARVEY L. HANDLEY, Trial Attorney
U.S. Department of Justice
Civil Rights Division
Housing and Civil Enforcement Section

**FOR PLAINTIFF-INTERVENORS:**

DATED: January 25, 2010            /s/
Kimberlie LeBlanc

DATED: January 28, 2010            Project Sentinel

By: Amika Stevens

Its: Director of Fair Housing

*Approved as to Form and Content:*

DATED: January 28, 2010            FAIR HOUSING LAW PROJECT

/s/
Annette Kirkham
152 N. 3d Street, 3rd Floor
San Jose, CA 95112
Counsel for Plaintiff Intervenors

**FOR THE DEFENDANTS:**

DATED: January 10, 2010                         /s/
                                           Toni Stultz


DATED: January 10, 2010                         /s/
                                           Terry Stultz

DATED: January 10, 1010         Workman Living Trust



                                By:             /s/
                                    Les Workman, Trustee

*Approved as to Form and Content:*

DATED: January 4, 2010          PAHL & McCAY
                                A Professional Corporation


                                                /s/
                                    Karen K. McCay
                                    225 W. Santa Clara, Suite 1500
                                    San Jose, CA 95113
                                    Attorneys for Defendants

# APPENDIX A

## EMPLOYEE ACKNOWLEDGMENT

     I acknowledge that on _____ _____, 20__, I received a copy of the Consent Decree entered by the Court in *United States v. Workman Living Trust et al.*, Civil Action No.09cv1856. I have read and understand the Consent Decree, and have had my questions about this document answered. I understand my legal responsibilities and shall comply with those responsibilities.

_____
Signature

_____
Print Name

_____
Job Title

_____
Date

# APPENDIX B

# TRAINING CERTIFICATION

      I certify that on _____ \_\_\_\_\_, 20\_\_\_\_, I received training with respect to my responsibilities under the Consent Decree entered by the Court in *United States v. Workman Living Trust et al.*, Civil Action No.09cv1856, and the federal, state and local fair housing laws. I understand my legal responsibilities and shall comply with those responsibilities.

_____
Signature

_____
Print Name

_____
Job Title

_____
Date

# APPENDIX C
# FULL AND FINAL RELEASE OF CLAIMS

Kimberlie LeBlanc and Project Sentinel on behalf of themselves, their family members, if any, their agents, heirs, executors, administrators, successors, employees and assigns, pursuant to the terms, provisions, and conditions of the Consent Order approved by the United States District Court for the Northern District of California in the case of *United States v. Workman Living Trust et al.*, Civil Action No.09cv1856 ("the lawsuit") and in consideration of the payment and other terms and conditions set forth in the Consent Order do fully, finally and forever release, discharge, and hold harmless Workman Living Trust, Toni Stultz and Terry Stultz (hereinafter "the Defendants"), along with their attorneys, related companies, principals, predecessors, successors, assigns, affiliates, partners, directors, officers, agents, employers, shareholders, subsidiaries, employees, former employees, heirs, executors, and administrators and any persons acting under their respective direction or control (hereinafter "Releasees"), from any and all claims set forth, or which could have been set forth, in the Complaint and/or the Complaint in Intervention in this lawsuit that they may have against Defendants or any of the Releasees for any of Defendants' actions or statements related to those claims through the date of this Consent Order, including claims for damages, costs, fines and attorneys' fees.

The undersigned affirm that the only consideration for signing this Full and Final Release of Claims are the terms stated in the Consent Order signed by the parties. The undersigned have accepted the terms of this Release and the Consent Order because they believe them to be a fair and reasonable settlement and for no other reason. This Release and the Consent Order contain and constitute the entire understanding and agreement between the parties to this Release.


DATED: December ___, 2009     _____
                              Kimberlie LeBlanc

DATED: December ___, 2009     Project Sentinel


                              By:_____

                              Its:_____